# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2010

Lyle W. Cayce
Clerk

No. 10-50043
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARWIN GALINDO-YANES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:09-CR-165-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darwin Galindo-Yanes pleaded guilty to violating 8 U.S.C. § 1326(a) by having been found unlawfully present in the United States after deportation fol-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lowing an aggravated-felony conviction. The district court sentenced him under § 1326(b)(2), at the bottom of the guideline range, to 37 months of imprisonment.

Galindo-Yanes argues that the court treated the range as presumptively reasonable when it directed defense counsel to be more specific in objecting to the range. Because Galindo-Yanes failed to object on that basis, we review this claim for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Galindo cannot show error, plain or otherwise, because the district court merely sought to comply with the reasoning in *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Galindo-Yanes also contends, as he did in the district court, that his sentence is substantively unreasonable because his prior crimes of violence that were used to support the 16-level enhancement are so old. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Although the prior crimes were too old to receive criminal history points, Galindo-Yanes does not dispute that he had three prior convictions for crimes of violence––convictions for aggravated assault and aggravated battery in 1988 and a 1992 conviction for taking indecent liberties with a minor child. Galindo-Yanes illegally reentered the United States in January 2009, only eight months after his April 2008 deportation, and he admitted using cocaine from 2000 to 2007. Thus, the totality of the circumstances shows that the district court did not abuse its discretion by denying a downward variance and sentencing within the guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Alonzo*, 435 F.3d at 554.

AFFIRMED.